**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-12010

Non-Argument Calendar

————————————————

U.S. NATIONAL ASSOCIATION,

*Plaintiff-Counter Defendant-Appellee,*

*versus*

ROBERT WALKER,

*Defendant-Cross Claimant-Counter Claimant-Appellant,*

MERCEDES F. KELLY,

*Defendant-Cross Defendant.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:25-cv-14089-SMM

————————————————

Before ROSENBAUM, JILL PRYOR, and KIDD, Circuit Judges.

PER CURIAM:

2                    Opinion of the Court                    25-12010

Robert Walker, pro se, appeals from various rulings related to the magistrate judge's jurisdiction and the district court clerk's refusal to enter a default against U.S. Bank National Association ("U.S. Bank").  U.S. Bank moves to dismiss this appeal for lack of jurisdiction, arguing that Walker is attempting to appeal from interlocutory orders that have not been certified for immediate appellate review under 28 U.S.C. § 1292(b).  Walker responds that the rulings are final and appealable and asserts that U.S. Bank did not notify him of the motion to dismiss.

We lack jurisdiction over Walker's appeal.  The challenged rulings are not final because they did not end the litigation on the merits, as the operative complaint and Walker's counterclaims and crossclaims remain pending before the district court.  *See* 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (providing that a final judgment ends the litigation on the merits and leaves nothing for the court to do but execute the judgment).  Additionally, none of the rulings are appealable under the collateral order doctrine because there is no indication that they would be effectively unreviewable on appeal from a final order resolving the case on the merits.  *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that a ruling that does not conclude the litigation may be appealed under the collateral order doctrine if, among other things, it would effectively be unreviewable on appeal from a final judgment).  Moreover, the district court did not certify any of the rulings for immediate appellate review.  *See* 28 U.S.C. § 1292(b).

25-12010                Opinion of the Court                3

Accordingly, U.S. Bank's motion to dismiss this appeal for lack of jurisdiction is GRANTED, and this appeal is DISMISSED. U.S. Bank's motion for an expedited ruling is GRANTED to the extent that it requests dismissal of the appeal but is otherwise denied as moot.  All other pending motions are DENIED as moot.